IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
2010 JUL 16 PM 4:33
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| In re Application of<br>CHEVRON CORPORATION, a Delaware corporation,<br><br>    Applicant,<br><br>MARK QUARLES, an individual,<br><br>    Respondent. | CIVIL ACTION NO. _____ |

**APPLICATION OF CHEVRON CORPORATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Based upon the annexed declarations of James M. Sabovich ("Sabovich Decl.") and H. Lee Barfield II ("Barfield Decl.") and the accompanying memorandum of points and authorities, Chevron Corporation ("Chevron") hereby applies to this Court for an Order, pursuant to 28 U.S.C. § 1782 ("Section 1782"), and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, granting Chevron leave to serve Mark Quarles ("Quarles" or "Respondent") with the subpoena annexed to Barfield Decl. as Exhibit A. Due to significant time exigencies here, Chevron further requests an Order to Show Cause why the subpoena should not issue and establishing an expeditious briefing schedule to resolve any objections.

The requirements of Section 1782 are met by Chevron's Application. First, Respondent resides or may be found in the Middle District of Tennessee. Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals: *Maria Aguinda y Otros v. Chevron Corporation* pending in the Superior Court of Nueva Loja, Ecuador (the "Lago Agrio Litigation"), and *Chevron Corporation and Texaco Petroleum Company vs. The Republic Of Ecuador*, an arbitration claim under the Bilateral Investment Treaty between the United States and Ecuador pending in the Permanent Court of Arbitration in the Hague (the "Treaty Arbitration"). Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782.

The discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), also weigh in favor of granting the Application. Respondent Quarles is not a "participant" in either the Lago Agrio Litigation or the Treaty Arbitration within the meaning of Section 1782. Both arbitral tribunals and Ecuadorian Courts have been historically receptive to Section 1782 assistance from federal courts. *See In re Applic. of Chevron Corp.* ("*Berlinger 1782 I*"), No. M-19-111, 2010 U.S. Dist. LEXIS 47034, at *41 (S.D.N.Y. May 10, 2010); Request for Judicial Notice of Filings Regarding Related Actions ("Related Actions RJN"), Exh. F (*In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 4:10-mc-134, Order (Dkt 12) (S.D. Tex. Apr. 5, 2010); *id.*, Exh. E (*Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-JLK, Transcript (D. Colo. Mar. 4, 2010) (Hearing Tr.,

March 4, 2010, *Chevron v. Stratus Consulting, Inc.*, No. 10-cv-00047); *id.*, Exh. D, 9 (*In re Applic. of Chevron Corp.*, No. 1:10-mi-00076-TWT-GGB, Order (Dkt. 5) (N.D. Ga. Mar. 2, 2010); Sabovich Decl., Exh. LL (*In re Applic. of Chevron Corp.*, No. 10-cv-1146-IEG (WMc), Order, (C.D. Cal. June 23, 2010); *id.*, ¶ 39); Related Actions RJN, Exh. O (*In re Applic. of Chevron Corp.*, No. 2:10-cv-02675-SRC-MAS, Transcript (D. N.J. Jun. 11, 2010); *see also In the Matter of Compania Chilena de Navegacion Interoceanica S.A.*, No. 03-cv-5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Application of Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402 (S.D.N.Y. Oct. 3, 1995); *In re Oxus Gold PLC*, No. MISC 06-82-GEB, 2007 U.S. Dist. LEXIS 24061 (D. N.J. Apr. 2, 2007); *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09-mc-265 (JBA), 2009 U.S. Dist. LEXIS 109492 (D. Conn. Aug. 27, 2009); *Norfolk S. Corp. v. Gen. Sec. Ins. Co.*, 626 F. Supp. 2d 882 (N.D. Ill. 2009).

The Application does not conceal an attempt to circumvent foreign proof-gathering restrictions in either of the foreign proceedings. A petitioner under Section 1782 need not show that the evidence sought would be discoverable or admissible in the foreign jurisdiction. *Intel Corp.*, 542 U.S. at 261. Rather, in determining whether a petition is an effort to circumvent foreign proof-gathering restrictions, the consideration for a district court is whether the discovery is being sought in bad faith. *Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-cv-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008). In this case, Chevron's request for discovery is a good faith effort to obtain probative evidence that is not unduly intrusive or burdensome. The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure.

Chevron has filed Section 1782 petitions in six other jurisdictions, seeking, among other things, discovery from Plaintiffs' environmental consultants and others regarding this collusion between Richard Stalin Cabrera Vega ("Cabrera"), the court-appointed expert in the Lago Agrio Litigation, and the Plaintiffs. These petitions have been granted in Georgia, Colorado, New York, Texas, and New Jersey, and one is currently pending in California. Request for Judicial Notice of Filings Regarding Related Actions ("Related Actions RJN"), Exh. D-F; Sabovich

Decl., ¶ 39 and Exh. LL; *Berlinger 1782 I*, No. M-19-111, 2010 U.S. Dist. LEXIS 47034, at *41. No such Application by Chevron has been denied. Plaintiffs began opposing these Applications after the proceeding in Georgia resulted in testimony from one of their former experts, Dr. Calmbacher, revealing that Plaintiffs had submitted in the Lago Agrio Litigation two reports under Dr. Calmbacher's name, assessing millions in remediation costs, that Dr. Calmbacher did not author: "I did not reach these conclusions and I did not write this report." Sabovich Decl., Exh. A, 6-8. Four courts have addressed Plaintiffs' various objections to discovery and all have rejected them. Related Actions RJN, Exh. M, O; *Berlinger 1782 I*, 2010 U.S. Dist. LEXIS 47034, at *41; *In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 10-mc-134, 2010 U.S. Dist. LEXIS 50113, at *13 (S.D. Tex. May 20, 2010).

Chevron anticipates that Plaintiffs will nonetheless oppose this discovery. Accordingly, Chevron respectfully requests that this Court issue an Order to Show Cause establishing a rapid briefing schedule to resolve Plaintiffs' objections. Chevron proposes that Plaintiffs be granted one week from the date of the issuance of the Order to Show Cause to oppose the discovery, that Chevron receive three days for its reply, and that, if the Court believes a hearing would be helpful, that it be held at the earliest possible time the Court can accommodate. Upon resolution of any objections, Chevron respectfully requests that this Court enter an Order, pursuant to Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1782, granting it leave to issue the subpoena annexed to the Barfield Decl. as Exh. A and taking notice that said subpoena has been properly served, in accordance with Rule 45, on Respondent when served as an executed attachment to the Barfield Decl.

DATED: July 16TH, 2010

Respectfully submitted,

*/s/ Lee Barfield/*
H. Lee Barfield II (#2581)
C. David Killion (#26412)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
T: (615) 742-6200
F: (615) 742-6293
E: LBarfield@bassberry.com
E: DKillion@bassberry.com

Andrea E. Neuman, Esq.
   *(application for pro hac admission pending)*
James M. Sabovich, Esq.
   *(application for pro hac admission pending)*
GIBSON, DUNN & CRUTCHER, LLP
3161 Michelson Drive
Irvine, CA 92612-4412
T: (949) 451-3800
F: (949) 451-4220
E: ANeuman@gibsondunn.com
E: JSabovich@gibsondunn.com

Scott A. Edelman, Esq.
   *(application for pro hac admission pending)*
GIBSON, DUNN & CRUTCHER, LLP
2029 Century Park East
Los Angeles, CA 90067-3026
T: (310) 552-8500
F: (310) 551-8741
E: SEdelman@gibsondunn.com

Attorneys for Applicant
CHEVRON CORPORATION

100899865_3.DOC