IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

In re Application of )
CHEVRON CORPORATION, a Delaware )
corporation, )
 )
       Applicant, )
 )
v. ) No. 3:10-0686
 ) Judge Nixon
MARK QUARLES, an individual, )
 )
       Respondent. )

## ORDER

Pending before the Court is Respondent Mark Quarles's ("Respondent") Emergency Motion to Stay Discovery Pending Rule 72 Review ("Respondent's Motion") (Doc. No. 60). Applicants have responded (Doc. No. 66). For the reasons set forth below, Respondent's Motion is hereby **DENIED as moot**.

Respondent indicates that he intends to file a Rule 27 objection to Magistrate Judge Brown's August 17, 2010 Order ("August 17 Order") (Doc. No. 56) granting Chevron Corp.'s ("Chevron," or "Applicant") Application for an Order to Conduct Discovery for Use in Foreign Proceedings ("Application") (Doc. No. 1). In anticipation of this motion, Respondent requests the Court to grant an Emergency Stay of the August 17 Order pending any appeal from the Order.

In support of Respondent's Motion, Respondent states: (1) that Chevron's Application is a dispositive ruling under Local Rule 72.03 subject to *de novo* review and is ineffective until adopted by the district judge (Doc. No. 61, at 2); and (2) even if the August 17 Order is deemed

non-dispositive ruling, a stay should nonetheless be entered in light of the four factors that typically govern a court's determination of whether to enter a stay (*Id.* at 6).

Respondent's Application was for disposition of a discovery matter related to another lawsuit filed against Chevron in 2003 in the Provincial Court of Justice of Sucumbíos in Nueva Loja, Ecuador. Magistrate Judge Brown correctly found that he had authority under 28 U.S.C. § 636 to issue an order on the Application. For this reason, no report and recommendation (and subsequent adoption by the district judge) is required for the August 17 Order to be in effect. Furthermore, because Judge Brown's enforceable August 17 Order already determined that no stay of the August 17 Order would be permitted (Doc. No. 56, at 6), Respondent's Motion is hereby **DENIED as moot**.

Respondent is **ORDERED** to produce the documents requested in the Subpoena (Doc. No. 3-1) within **two (2) days** of this Order. The remaining deadlines set forth in Judge Brown's August 17 Order are unchanged.

It is so ORDERED.

Entered this the 24 day of August, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT